310 So.2d 247

**Gary BAILEY**

**v.**

**STATE.**

**3 Div. 329.**

Court of Criminal Appeals of Alabama.

March 18, 1975.

Sam W. Taylor, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Charles N. Parnell, III, Asst. Atty. Gen., for the State, appellee.

SIMMONS, Supernumerary Circuit Judge.

Appellant defendant was indicted, tried and convicted by a jury for robbery. Sentence was twenty-five years in the penitentiary. This defendant was an indigent at nisi prius and on this appeal with appointed counsel here and below.

Appellant insists in his brief which able counsel prepared that the trial court com-

mitted reversible error in its response to a question propounded by the foreman of the jury that returned to the courtroom during its deliberation for further instructions:

"THE FOREMAN: Your Honor, we had a question come up, whether—of course, we know we can't consider the time that he is serving right now, but the question of concurrently. If that should be entered into in there, as to how long the sentence should be.

"THE COURT: I assume you are familiar with the expression concurrent. You used that expression. Let me give you the definition and then I will respond to your question. If a person has two sentences, if they are concurrent sentences it means that those sentences are served at the same time. If they are not to be served at the same time they are referred to as consecutive sentences. Your question is whether you should consider that factor or not?

"THE FOREMAN: Yes, Your Honor.

"THE COURT: That is a factor which is not for the Jury to determine. That is a factor for other governmental groups to consider. Yours is to consider, once again, the question of guilt or not guilty, and if you decide that question of guilty or not guilty in favor of guilty, then you are to fit the punishment with the crime and leave other matters to either The Court or other agencies. Does that answer your question, sir?

"THE FOREMAN: Yes, I believe it does.

"THE COURT: All right. You may retire and do not begin to deliberate until The Court informs you to begin your deliberations.

(Whereupon, the Jury retired to the Jury Room and the following occurred out of the presence of the Jury:)

"THE COURT: What says the State?

"MR. HANEY: Satisfied, Your Honor.

"MR. TAYLOR: Not satisfied, Your Honor. We object to the instructions of the Court on the grounds that we feel that The Court's instructions may be summarized as this: That any sentence given is not a concurrent sentence. And that was not made clear in the minds of the Jury and it was left to them to hope that some other agency of government might make that sentence concurrent.

"THE COURT: Well, are you saying that as a matter of law a Jury can impose a concurrent sentence?

"MR. TAYLOR: No, sir, I am simply trying to preserve something that I am not sure is in error, in that I don't think they understand that anything they say —any sentence they impose on the face of it, will be consecutive and not concurrent.

"THE COURT: Well, I was trying to prevent precluding the possibility of The Court imposing the sentence in a concurrent fashion as opposed to the Jury being the one to impose concurrent sentence or consecutive sentence. I am of the opinion that the imposition of the sentence would be a matter for the Courts, as opposed to the Jury. The Jury would set the sentence and when the sentence would start. And whether or not it would be concurrent with existing sentences would be a matter for the Court to determine, not for the Jury to determine. But, if you have some authority to the contrary—

"MR. TAYLOR: If Your Honor please, we respectfully object and request The Court to clearly instruct the Jury that as far as they are concerned they must assume that any sentence they impose will be an addition to any other sentence being served by the defendant.

"THE COURT: I believe The Court would leave the instructions to the Jury

as it is. I feel that I have clearly stated to the Jury that they are concerned with the question of guilt or not. And if it is their decision of guilt, putting the punishment with the guilt and then the imposition of the sentence is a matter for The Court to determine."

We think the instructions of the court to the jury:

" . . . yours is to consider, once again, the question of guilty or not guilty, and if you decide that question of guilty or not guilty in favor of guilty, then you are to fix the punishment with the crime and leave other matters to either the court or other agencies. Does this answer your question, Sir?

"THE FOREMAN: Yes, I believe it does."

We fail to see how the court's instructions could have been any clearer or more decisive. The foreman, judging from his answer, was fully informed as to their duty in the fixation of punishment.

We think that appellants argument as to the inference that the jury could draw from this instruction is highly speculation and improbable.

We find no prejudicial ruling of the trial court that would justify a reversal and remand of this judgment. It is affirmed.

The foregoing opinion was prepared by the Honorable Bowen Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., concurs in result only.